■ In the Matter of the Arbitration between the CITY OF BUFFALO, Appellant, and LOCAL 264, A.F.S.C.M.E., AFL-CIO, Respondent. (Appeal No. 1.)—Order unanimously affirmed, with costs. Memorandum: See *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.* (45 NY2d 411, 418). In affirming, we note that the orders appealed from did not rule on and we do not reach some questions argued on this appeal, viz., whether full-time detached duty for union activities with full pay from the city is permitted under the three collective bargaining agreements and whether, if such duty is found to be permitted under the agreements, it would contravene section 1 of article VIII of the New York Constitution. We observe also that the action of the Buffalo City Council in adopting Resolution No. 217 (Oct. 3, 1978), tendered by respondents as creating a binding collective bargaining agreement or modifying the existing agreements, can have no such effect because of the lack of compliance with the Taylor Law (Civil Service Law, § 201, subd 12). (Appeal from order of Erie Supreme Court—arbitration.) Present—Dillon, P. J., Cardamone, Hancock, Jr., Callahan and Witmer, JJ.

■ In the Matter of the Arbitration between the CITY OF BUFFALO, Appellant, and BUFFALO POLICE BENEVOLENT ASSOCIATION, INC., Respondent. (Appeal No. 2.)—Order unanimously affirmed, with costs. Same memorandum as in *Matter of City of Buffalo (Local 264, A.F.S.C.M.E., AFL-CIO)* (77 AD2d 789). (Appeal from order of Erie Supreme Court—arbitration.) Present—Dillon, P. J., Cardamone, Hancock, Jr., Callahan and Witmer, JJ.

■ In the Matter of JAMES CATANZARO, Individually and as President of Buffalo Professional Firefighters Association, Inc., Local 282, I. A. F. F., AFL-CIO, Respondent, v CITY OF BUFFALO et al., Appellants. (Appeal No. 3.)—Order unanimously affirmed, with costs. Same memorandum as in *Matter of City of Buffalo (Local 264, A.F.S.C.M.E., AFL-CIO)* (77 AD2d 789). (Appeal from order of Erie Supreme Court—temporary restraining order.) Present—Dillon, P. J., Cardamone, Hancock, Jr., Callahan and Witmer, JJ.